PER CURIAM.
The Florida Bar’s Family Law Rules Committee (Committee) has filed a “fast-track” out-of-cycle report proposing amendments to the Florida Family Law Rules of Procedure, which implement new legislation created by chapter 2012-153, section 3, Laws of Florida. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction. Art. V, § 2(a), Fla. Const.
The Committee proposes amendments to rules 12.010 (Scope, Purpose, and Title); 12.070 (Process); 12.080 (Service of Plead *127 ings and Filing of Documents); 12.200 (Case Management and Pretrial Conferences); 12.285 (Mandatory Disclosure); 12.490 (General Magistrates); 12.492 (Special Magistrates); 12.610 (Injunctions for Domestic, Repeat, Dating, and Sexual Violence); and 12.750 (Family Self-Help Programs). The proposed amendments are in response to chapter 2012-153, section 3, Laws of Florida, which creates section 784.0485, Florida Statutes and goes into effect October 1, 2012. See Ch.2012-153, § 6, Laws of Fla. New section 784.0485(1) creates “a cause of action for an injunction for protection against stalking.” The Committee proposes amending references throughout the Family Law Rules of Procedure to “injunctions for domestic, repeat, dating, and sexual violence” to read “injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking.”
After considering the Committee’s proposals and reviewing the relevant legislation, we amend the Family Law Rules of Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type.[1] The amendments shall take effect on October 1, 2012, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 12.010. SCOPE, PURPOSE, AND TITLE
(a) Scope.
(1) These rules apply to all actions concerning family matters, including actions eoncerninginjunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, except as otherwise provided by the Florida Rules of Juvenile Procedure or the Florida Probate Rules. “Family matters,” “family law matters,” or “family law cases” as used within these rules include, but are not limited to, matters *128 arising from dissolution of marriage, annulment, support unconnected with dissolution of marriage, paternity, child support, an action involving a parenting plan for a minor child or children (except as otherwise provided by the Florida Rules of Juvenile Procedure), proceedings for temporary or concurrent custody of minor children by extended family, adoption, proceedings for emancipation of a minor, declaratory judgment actions related to premarital, marital, or postmarital agreements (except as otherwise provided, when applicable, by the Florida Probate Rules), injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, and all proceedings for modification, enforcement, and civil contempt of these actions.
(2) [No Change]
(b)-(c) [No Change]
RULE 12.070. PROCESS
(a)-(b) [No Change]
(c) Constructive Service.
(1) [No Change]
(2) For constructive service of process in all other cases, an affidavit of diligent search and inquiry in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.
(d) Domestic, Repeat, Dating, and Sexual Violence, and Stalking Proceedings. This rule does not govern service of process in proceedings for injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking proceed-ingSr
RULE 12.080. SERVICE OF PLEADINGS AND FILING OF PA-PERSDOCUMENTS
(a) Service.
(1) Family Law Actions Generally. Service of pleadings and papersdocu-ments after commencement of all family law actions except proceedings for injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking shall be as set forth in Florida Rule of Judicial Administration 2.516, except that rule 2.516 shall also apply to service on the party during the attorney’s limited appearance as provided in rule 12.040(f) and be expanded as set forth in subdivisions (b) and (c) to include additional requirements for service of recommended orders and for service on defaulted parties.
(2) Domestic, Repeat, Dating, and Sexual Violence, and Stalking Actions. Service of pleadings and papers-documents regarding proceedings-for injunctions against domestic, repeat, dating, and sexual violence, and stalking actions shall be governed by Florida Family Law Rule of Procedure 12.610, where it is in conflict with this rule.
(b) Service and Preparation of Orders and Judgments. A copy of all orders or judgments involving family law matters except proceedings for injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. The court may require that recommended orders, orders, or judgments be prepared by a party. If the court requires that a party prepare the recommended order, order, or judgment, the party shall furnish the court with stamped, addressed envelopes to all parties for service of the recommended order, order, or judgment. The court may also require that any proposed recommended *129 order, order, or judgment that is prepared by a party be furnished to all parties no less than 24 hours before submission to the court of the recommended order, order, or judgment.
(c) [No Change]
Commentary
[No Change]
Committee Notes
[No Change]
RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
(1)Family Law Proceedings, Generally. A case management conference may be ordered by the court at any time on the court’s initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(A)-(H) [No Change]
(I) refer issues to a magistrate for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic, repeat, dating, or sexual violence, or stalking that would compromise the process is involved in the case;
(J) refer the parties to mediation if no significant history of domestic, repeat, dating, or sexual violence, or stalking that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic, repeat, dating, or sexual violence, or stalking that would compromise the process is involved in the case and consider allocation of expenses related to the referral;
(K) coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic, repeat, dating, or sexual violence, or stalking that would compromise the process is involved in the case;
(L)-(O) [No Change]
(2) [No Change]
(b)-(d) [No Change]
Commentary
[No Change]
Committee Note
[No Change]
RULE 12.285. MANDATORY DISCLOSURE
(a) Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for protection against domestic, repeat, dating, or sexual violence, or stalking, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys’ fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits and child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.
(2) — (3)
(b)-(c) [No Change]
(d) Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard *130 within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
(1) — (2) [No Change]
(3) IRS forms W=2, 1099, and K=1 for the past year, if the income tax return for that year has not been prepared.
(4) [No Change]
(e)-(m) [No Change]
Commentary
[No Change]
Committee Notes
[No Change]
RULE 12.490. GENERAL MAGISTRATES
(a)-(b) [No Change]
(c) General Powers and Duties. Every general magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking. A general magistrate shall be empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general magistrates.
(d)-(g) [No Change]
Commentary
[No Change]
Committee Note
[No Change]
RULE 12.492. SPECIAL MAGISTRATES
(a) Special Magistrates. The court may appoint members of The Florida Bar as special magistrates for any particular service required by the court in a family law matter other than those involving injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking. The special magistrates shall be governed by all the provisions of law and rules relating to general magistrates except as otherwise provided by this rule. Additionally, they shall not be required to make oath or give bond unless specifically required by the order appointing them. Upon a showing that the appointment is advisable, a person other than a member of The Florida Bar may be appointed.
(b)-(h) [No Change]
Commentary
[No Change]
Committee Note
[No Change]
RULE 12.610. INJUNCTIONS FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, AND SEXUAL VIOLENCE, AND STALKING
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence, dating violence, or sexual violence, and stalking. All other injunctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A)-(D) [No Change]
*131 (E) Stalking. Any person may file a petition for an injunction for protection against stalking as provided by law.
(2) Service of Petitions.
(A) [No Change]
(B) Repeat Violence, Dating Violence, and Sexual Violence, and Stalking. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence, dating violence, or sexual violence, or stalking, temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic, repeat, dating, or sexual violence, or stalking other than petitions, supplemental petitions, and orders granting injunctions shall be governed by rule 12.080, except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pendency of the proceedings.
(3) Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic, repeat, dating, or sexual violence, or stalking, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(4)Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/repeat/dating/sexual-vioiencein-junctions for protection intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic, repeat, dating, or sexual violence, or stalking as provided by law.
(B) [No Change]
(c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic, repeat, dating, or sexual violence or stalking exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits for a determination of whether there is an imminent danger that the petitioner will become a victim of domestic, repeat, dating, or sexual violence or stalking. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition. If a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
(B) Final Judgment of Injunction for Protection Against Repeat, Dat *132 ing, or Sexual Violence or Stalking. A hearing shall be conducted.
(C) [No Change]
(2) Issuing of Injunction.
(A) Standardized Forms. The temporary and permanent injunction forms approved by the Florida Supreme Court for domestic, repeat, dating, and sexual violence, and stalking injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional standard provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit, and upon final review and written approval by the chief justice. Copies of such additional standard provisions, once approved by the chief justice, shall be sent to the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Steering Committee on Families and Children in the Court, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic, repeat, dating, or sexual violence, or stalking. The clerk of the court shall provide the parties with sufficient certified copies of the order of injunction for service.
(3) Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic, repeat, dating, or sexual violence, or stalking must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic, repeat, dating, or sexual violence, or stalking in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at the hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk’s affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection *133 against domestic, repeat, dating, or sexual violence, or stalking.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic, repeat, dating, or sexual violence, or stalking the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic, repeat, dating, or sexual violence, or stalking shall be granted for a fixed period or until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive periods or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
(5) Enforcement. The court may enforce violations of an injunction for protection against domestic, repeat, dating, or sexual violence, or stalking in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
(6) Motion to Modify or Vacate Injunction. The petitioner or respondent may move the court to modify or vacate an injunction at any time. Service of a motion to modify or vacate injunctions shall be governed by subdivision (b)(2) of this rule. However, for service of a motion to modify to be sufficient if a party is not represented by an attorney, service must be in accordance with rule 12.070, or in the alternative, there must be filed in the record proof of receipt of this motion by the nonmoving party personally.
(7) Forms. The clerk of the court or family or domestic/repeat/dating/sexual violenceinjunction for protection intake personnel shall provide simplified forms including instructions, for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in support of the violation of an order of injunction for protection against domestic, repeat, dating, or sexual violence, or stalking.
Commentary
[No Change]
Committee Note
[No Change]
RULE 12.750. FAMILY SELF-HELP PROGRAMS
(a)-(Z) [No Change]
(m) Domestic, Repeat, Dating, and Sexual Violence, and Stalking Exclusion. Nothing in this rule shall restrict services provided by the clerk of the court *134 or family or domestic/repeat/datingteexual violenceinj unctions for protection intake personnel pursuant to rule 12.610.
Commentary
[No Change]

. The rules as shown in the appendix reflect amendments made in In re Amends. to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., and Fla. Family Law Rules of Pro.—E-mail Service Rule, 2012 WL 2400760 (Fla.2012), which become effective September 1, 2012, at 12:01 a.m. Amendments made in In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.—Electronic Filing, 2012 WL 2865998 (Fla.2012), which become effective in family law divisions April 1, 2013, at 12:01 a.m., are shown in double underscoring and double struck-through type.

. An original and nine paper copies of all comments must be filed with the Court on or before September 10, 2012, with a certificate of service verifying that a copy has been served on the Committee Chair, Matthew Burns Capstraw, 165 W. Jessup Avenue, Longwood, Florida 32750 and on the Bar Staff Liaison to the Committee, Ellen Sloyer, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until October 1, 2012 to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).