PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Previously in this case, on petition by the Family Law Rules Committee (Committee), the Court adopted amendments to rules 12.010 (Scope, Purpose, and Title); 12.070 (Process); 12.080 (Service of Pleadings and Filing of Documents); 12.200 (Case Management and Pretrial Conferences); 12.285 (Mandatory Disclosure); 12.490 (General Magistrates); 12.492 (Special Magistrates); 12.610 (Injunctions for Protection Against Domestic, Repeat, Dating, and Sexual Violence, and Stalking); and 12.750 (Family Self-Help Programs). See In re Amendments to the Florida Family Law Rules of Procedure, 95 So.3d 126 (Fla.2012). The amendments were in response to chapter 2012-153, section 3, Laws of Florida, which took effect October 1, 2012. Chapter 2012-153, section 3, created section 784.0485, Florida Statutes, which established “a cause of action for an injunction for protection against stalking.” § 784.0485(1), Fla. Stat. (2012). The amendments added references to injunctions for protection against stalking throughout the Family Law Rules of Procedure related to injunctions for protection against domestic, repeat, dating, and sexual violence. Id. at 127.
After adoption of the amendments, interested persons were permitted a comment period. Id. One comment was filed addressing only the amendments to rule 12.610 (Injunctions for Protection Against Domestic, Repeat, Dating, and Sexual Violence, and Stalking), and the Committee filed a response. The Committee also filed a supplemental petition seeking to amend Florida Family Law Rules of Procedure Forms 12.900(h) (Notice of Related Cases) and 12.928 (Family Law Coversheet).
Upon consideration of the comment, the Committee’s response, and the Committee’s Supplemental Petition, we hereby *229 amend rule 12.610 and forms 12.900(h) and 12.928 as reflected in the appendix to this opinion. Language added to rule 12.610 is underlined; deleted language is stricken through. The forms are fully engrossed and ready for use. The forms also may be accessed and downloaded from the Florida State Courts’ website at www.flcourts.org/ gen_public/family/forms_rules/index.shtml. By adoption of the amended forms, we express no opinion as to their correctness or applicability. The amendments to rule 12.610 and the amendments to forms 12.900(h) and 12.928 shall become effective immediately upon release of this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA and PERRY, concur.
APPENDIX
RULE 12.610. INJUNCTIONS FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, AND SEXUAL VIOLENCE, AND STALKING
(a) [No change]
(b) Petitions.
(1) — (2) [No change]
(3) Consideration by Court.
(A) Domestic Violence and Stalking Injunctions. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic, repeat, dating, or sexual violence, or stalking, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(B) Repeat, Dating, or Sexual Violence Injunctions. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition or otherwise be heard in person on any petition consistent with these rules.
(4) [No change]
(c)Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction.
(i) Domestic, Repeat, Dating, or Sexual Violence. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic, repeat, dating, or sexual violence or — stalking—exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits for a determination of whether there is an imminent danger that the petitioner will become a victim of domestic, repeat, dating, or sexual violence-er stalking. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition. If a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
(ii) Stalking. For the injunction for protection to be issued ex parte, it must appear to the court that stalking exists. In an ex parte hearing for the purpose of obtaining *230 an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits for a determination of whether stalking exists. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold the hearing on the petition. If a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
(B)-(C) [No change]
(2) — (3) [No change]
Commentary
[No change]
Committee Note
[No change]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(h), NOTICE OF RELATED CASES (11/13)
When should this form be used?
Florida Rule of Judicial Administration 2.545(d) requires the petitioner in a family law case to file with the court a notice of related cases, if any. Your circuit may also require this form to be filed even if there are no related cases. A case is considered related if
• it involves the same parties, children, or issues and is pending when the family law case is filed; or
• it affects the court’s jurisdiction to proceed; or
• an order in the related case may conflict with an order on the same issues in the new case; or
• an order in the new case may conflict with an order in the earlier case.
This form is used to provide the required notice to the court.
This form should be typed or printed in black ink. It must be filed with the clerk of the circuit court with the initial pleading in the family law case.
What should I do next?
A copy of the form must be served on the presiding judges, either the chief judge or the family law administrative judge, and all parties in the related cases. You should also keep a copy for your records. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see Florida Rule of Judicial Administration 2.545(d).
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*231 [[Image here]]
*232 [[Image here]]
*233 [[Image here]]
*234 [[Image here]]
*235 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.928, COVER SHEET FOR FAMILY COURT CASES (11/13)
When should this form be used?
The Cover Sheet for Family Court Cases and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the petitioner/party opening or reopening a case for the use of the clerk of the circuit court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.
*236 This form should be typed or printed in black ink. The petitioner must file this cover sheet with the first pleading or motion filed to open or reopen a case in all domestic and juvenile cases.
What should I do next?
Follow these instructions for completing the form:
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of the petitioner(s) and respondent(s).
II. Type of Action /Proceeding. Place a check beside the proceeding you are initiating. If you are simultaneously filing more than one type of proceeding against the same opposing party, such as a modification and an enforcement proceeding, complete a separate cover sheet for each action being filed.
(A) Initial Action/Petition
(B) Reopening Case. If you check “Reopening Case,” indicate whether you are filing a modification or supplemental petition or an action for enforcement by placing a check beside the appropriate action/petition.
1. Modification/Supplemental Petition
2. Motion for Civil Contempt/ Enforcement
3. Other — All reopening actions not involving modification/supplemental petitions or petition enforcement.
III. Type of Case. Place a check beside the appropriate case. If the case fits more than one category, select the most definitive. Definitions of the categories are provided below.
(A) Simplified Dissolution of Marriage — petitions for the termination of marriage pursuant to Florida Family Law Rule of Procedure 12.105.
(B) Dissolution of Marriage — petitions for the termination of marriage pursuant to Chapter 61, Florida Statutes, other than simplified dissolution.
(C) Domestic Violence — all matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.
(D) Dating Violence — all matters relating to injunctions for protection against dating violence pursuant to section 784.046, Florida Statutes.
(E) Repeat Violence — all matters relating to injunctions for protection against repeat violence pursuant to section 784.046, Florida Statutes.
(F) Sexual Violence — all matters relating to injunctions for protection against sexual violence pursuant to section 784.046, Florida Statutes.
(G) Stalking-all matters relating to injunctions for protection against stalking pursuant to section 784.0485, Florida Statutes
(H) Support — IV-D—all matters relating to child or spousal support in which an application for assistance has been filed with the Department of Revenue, Child Support Enforcement under Title IVD, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, 409.2571, and *237 409.2597, Florida Statutes), paternity, or UIFSA.
(I) Support-Non IV-D — all matters relating to child or spousal support in which an application for assistance has not been filed under Title IVD, Social Security Act.
(J) UIFSA — IV-D—all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IVD, Social Security Act.
(K) UIFSA — Non IV-D — all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IVD, Social Security Act.
(L) Other Family Court — all matters involving time-sharing and/or parenting plans relating to minor child(ren), support unconnected with dissolution of marriage, annulment, delayed birth certificates pursuant to Florida Statutes section 382.0195, expedited affirmation of parental status pursuant to Florida Statutes section 742.16, termination of parental rights proceedings pursuant to Florida Statutes section 63.087, declaratory judgment actions related to premarital, marital, post-marital agreements, or other matters not included in the categories above.
(M) Adoption Arising Out Of Chapter 63 — all matters relating to adoption pursuant to Chapter 63, Florida Statutes, excluding any matters arising out of Chapter 39, Florida Statutes.
(N) Name Change — all matters relating to name change, pursuant to section 68.07, Florida Statutes.
(O) Paternity/Disestablishment of Paternity — all matters relating to paternity pursuant to Chapter 742, Florida Statutes.
(P) Juvenile Delinquency — all matters relating to juvenile delinquency pursuant to Chapter 985, Florida Statutes.
(Q) Petition for Dependency — all matters relating to petitions for dependency.
(R) Shelter Petition — all matters relating to shelter petitions pursuant to Chapter 39, Florida Statutes.
(S) Termination of Parental Rights Arising Out Of Chapter 39 — all matters relating to termination of parental rights pursuant to Chapter 39, Florida Statutes.
(T) Adoption Arising Out Of Chapter 39 — all matters relating to adoption pursuant to Chapter 39, Florida Statutes.
(U) CINS/FINS — all matters relating to children in need of services (and families in need of services) pursuant to Chapter 984, Florida Statutes.
ATTORNEY OR PARTY SIGNATURE. Sign the Cover Sheet for Family Court Cases. Print legibly the name of the person signing the Cover Sheet for Family Court Cases. Attorneys must include a Florida Bar number. Insert the date the Cover Sheet for Family Court Cases is signed. Signature is a certification that filer has provided accurate information on the Cover Sheet for Family Court Cases.
Nonlawyer Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and tele *238 phone number on the bottom of the last page of every form he or she helps you complete.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see Rule 12.100, Florida Family Law Rules of Procedure.
[[Image here]]
*239 [[Image here]]